## Sucesión Pagán *v.* Pagán et al.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 614.—Resuelto en febrero 7, 1911.

Hijos Ilegítimos—Derechos Hereditarios en Casos de Sucesión Intestada.—
  Aunque los hijos ilegítimos reconocidos tienen los mismos derechos hereditarios
  que los hijos legítimos, ya para heredar por derecho propio, como por derecho
  de representación, sin embargo, no tienen derecho a suceder abintestato a los
  hijos y descendientes legítimos y parientes colaterales legítimos del padre o
  madre que los haya reconocido.
Id.—Sucesión Testada.—Las disposiciones de la ley para derogar determinados
  artículos del Código Civil, aprobada en marzo 9, 1905, sólo tienen aplicación
  a los casos de sucesión testada, y no tienen aplicación al caso de autos en que
  los demandantes, como sobrinos ilegítimos, pretenden heredar abintestato, por
  derecho de representación, a un tío que es hermano legítimo de su difunto
  padre.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Fernando Vázquez y N. B. K. Pettingill.*

Abogado del apelado: *Sr. José de Diego.*

El Juez Asociado, Sr. MacLeary, emitió la opinión del tribunal.

El presente pleito fué establecido para que se decretara nula una orden de la corte por la que se reconocía a los demandados como herederos de Lucas Antonio Pagán y Seda, que falleció en 2 de septiembre de 1908, dejando bienes de gran estimación ascendentes en valor a unos $40,000. Se alega que los demandantes son los hijos ilegítimos reconocidos de Roque Pagán, que era hermano legítimo de Lucas Pagán fallecido en 12 de octubre de 1900. Tanto Lucas Pagán como Roque Pagán fallecieron sin hacer testamento. Los demandados son los hermanos y sobrinos legítimos de Lucas Pagán cuyos derechos a la participación en la herencia de este último no han sido discutidos, tratando solamente los demandantes que se les permita tomar parte en la distribución del caudal.

A esta demanda se formuló una excepción previa de conformidad con el párrafo 6°. del artículo 105 del Código de Enjuiciamiento Civil, fundada en que las alegaciones hechas en la referida demanda no exponían hechos suficientes para determinar una causa de acción. Esta excepción fué declarada con lugar y de acuerdo con la misma la demanda fué desestimada.

Contra esta sentencia que fué dictada en 10 de septiembre de 1910, se interpuso apelación en debida forma para ante este tribunal siendo la corrección de dicha apelación la cuestión presentada a esta corte para su resolución. En el alegato del apelante no aparece ningún pliego de errores; pero por cuanto únicamente hay una simple cuestión envuelta, y si la resolución de la corte inferior es errónea, el error es fundamental y procederemos a considerar el mismo. En el acto de la vista ambas partes hicieron informes orales por

medio de sus respectivos abogados habiendo los apelantes solamente presentado su alegato en los autos.

La única cuestión es, pues, si deben los demandantes como hijos naturales reconocidos de Roque Pagán ser admitidos como herederos de su hermano Lucas Pagán, que falleció sin hacer disposición testamentaria después del fallecimiento del referido Roque. En primer lugar debemos decir que la ley de 1905 en la cual se fundan los apelantes, no tiene aplicación porque ella solamente hace referencia a sucesiones testadas. (Sess. Acts, 1905, pág. 111, artículo 1, párrafo 3.)

Si heredan los demandantes debe ser por representación de su padre Roque Pagán, que murió mucho tiempo antes que su hermano Lucas Pagán. Roque no puede ser considerado de ningún modo como el heredero de Lucas que le sobrevivió; puesto que *Nemo est haeris viventis.* (Broom, 522; 2 Bl. Com., 208; Co. Litt. 8ª., 22*b*; Black Law Dict., 810.)

Aún cuando el reconocimiento del padre dé a sus hijos ilegítimos ciertos derechos en su herencia, este proceder por parte del mismo no obliga a sus hermanos o a otros parientes colaterales, ni debería en justicia obligarlos. Nuestros estatutos son bien claros con respecto a esta cuestión. El artículo 913 del Código Civil vigente declara que los hijos ilegítimos cuando son debidamente reconocidos tendrán los mismos derechos hereditarios que los hijos legítimos; pero se dispone que "No obstante el hijo ilegítimo y sus descendientes no tendrán derecho a suceder abintestato a los hijos y descendientes legítimos y parientes colaterales legítimos del padre o madre que los haya reconocido, ni ellos al hijo ilegítimo y sus descendientes." Esto excluye claramente a los sobrinos ilegítimos de la herencia de su tío que es hermano legítimo de su difunto padre.

La misma exclusión existía según el antiguo Código Civil español, a saber:

"Artículo 943.—El hijo natural y el legitimado no tienen derecho a suceder abintestato a los hijos y parientes legítimos del padre o

madre que los haya reconocido, ni ellos al hijo natural ni al legitimado.''

El distinguido comentarista Scaevola aclara esta doctrina en una discusión en la que él compara con la ley de España las de Francia, Italia y otros países, y demuestra de modo claro que los hijos ilegítimos, aún cuando sean reconocidos, no pueden heredar a los parientes legítimos del padre.

16 Scaevola, pp. 398 y 399.

De un examen de los autos se ve claramente que la corte inferior hizo una apreciación correcta de la ley sobre esta materia interpretándola debidamente. Por consiguiente, debe confirmarse la sentencia en todas sus partes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados, Wolf, del Toro y Aldrey.